IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEVIEST LAWAN PATTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00893 |
| ) | |
| **CORRECTION CORPORATION OF AMERICA** ) | Judge Campbell |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff Deviest Lawan Patton, a state prisoner, has submitted a civil complaint under 42 U.S.C. § 1983, seeking damages and equitable relief. He proceeds *in forma pauperis*. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

### I.  Factual Allegations

Patton is incarcerated at the Metro-Davidson County Detention Facility ("MDCDF"), which is operated by CCA. This is the second complaint filed by the plaintiff concerning his having broken his collar bone while being transported to Juvenile Court in a CCA van on August 1, 2013. In this action, the plaintiff names as defendants CCA, "Correction Officer Ms. Douglas," "Correction Officer Sgt. Mr. Pewitt," "Nurse Mr. Hendricks," Dr. Bridges, MDCDF Warden Blair Leibach, the State of Tennessee, Tennessee Department of Corrections Commissioner Derrick Schofield, the Davidson County Sheriff's Office, and Samuel Molokwu [sic]. He makes the following factual allegations:

(1) He broke his collarbone on August 1, 2013 while being transported in a van owned by CCA and operated at the time of the incident by CCA employees Douglas and Pewitt. The plaintiff alleges that Douglas and Pewitt were driving carelessly and that he was not restrained by a seatbelt.

(2) The plaintiff claims that he was deprived of medical care by CCA, Dr. Bridges, and Nurse Hendricks, that defendant Pewitt should have "called for an EMT dispatch" at the time the injury occurred (Complaint, ECF No. 1, at 3); and that personnel at the Juvenile Court (who are not named as defendants)

should have ensured that he receive emergency medical care. The plaintiff asserts that the failure to provide him immediate medical care amounted to cruel and inhumane treatment, in violation of the Eighth Amendment.

(3) The plaintiff alleges that Warden Leibach breached his duty and violated both Tennessee law and the United States Constitution by denying the plaintiff's grievances related to this incident.

(4) The plaintiff alleges that he complained to Commissioner Schofield by mail about the performance of CCA and its employees, and that the Commissioner, presumably by failing to act upon the plaintiff's communications, violated a duty imposed by Tennessee law to "monitor the performance criteria for the contract that Corrections Corporation of America enjoys." (Complaint, ECF No. 1, at 4.)

(5) The plaintiff submitted grievances through the established procedure at MDCDF, which were denied by Davidson County Sheriff Daron Hall and "his employee Samuel Molokwu," who "has a duty to pull CCA and its employees up for negligence." (*Id.*)

(6) The plaintiff also asserts that his rights under Tenn. Code Ann. § 41-4-144[1] have been violated because "known felons are employed at CCA/Metro." He specifically claims that he has suffered great pain and psychological impairment because former Mail Room Officer Ms. Nutt, whose employment was terminated after she failed a drug-screening test and was found to be in possession of drugs, "withheld legal mail from plaintiff." (ECF No. 1, at 5.)

The plaintiff demands monetary damages in the amount of $500,000 and equitable relief to ensure that "these laws are upheld for future inmates." (ECF No. 1, at 6.)

**II.    Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, or brought by a prisoner-plaintiff against government entities or officials or challenging the conditions of confinement. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which

---

[1] This statute states in relevant part that no person shall be employed as a jail administrator, jailer, corrections officer or guard in a county jail or workhouse if such person has previously "been convicted of, or pleaded guilty to, or entered a plea of nolo contendere to any felony charge or to any violation of any federal or state laws or municipal ordinances relating to force, violence, theft, dishonesty, gambling, liquor, controlled substances or controlled substance analogues." Tenn. Code Ann. § 41-4-144(a)(4).

relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

**III.     Discussion**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A failure to identify a right, privilege or immunity secured by the Constitution that was violated will result in dismissal of the cause of action for failure to state a claim upon which relief can be granted.

With respect to the plaintiff's claims against defendants Douglas, Pewitt, Hendricks, and Bridges, the plaintiff's allegations still fail to show that he was deprived of medical care in such a way as to demonstrate

deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. As was documented in the plaintiff's previous complaint, he was taken to a hospital and received an X-ray; he was offered surgery but refused it, at least initially; he has been administered cortisone and at least 18-days' worth of pain medication and has seen an orthopedic specialist at least twice. *See Patton v. CCA/MDCDF*, No. 3:13-cv-01346 (Complaint, ECF No. 1; and Memorandum of the Court, ECF No. 9, at 2.) The plaintiff fails to state a claim against Nurse Hendricks or Dr. Bridges for deliberate indifference.

The plaintiff alleges that defendants Douglas and Pewitt were negligent in their driving and their initial response to the accident, but claims of negligence do not amount to a constitutional violation and therefore do not state a claim under 42 U.S.C. § 1983.

The plaintiff's claims against Commissioner Schofield, Warden Leibach, and Samuel Molokwu [sic] are apparently based on their denial of the plaintiff's grievances and grievance appeals related to the van incident. He does not allege that these individuals were personally involved in the decisions giving rise to his claims. To establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). Merely denying a grievance or affirming the denial of a grievance does not give rise to liability under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (where defendants' "only roles . . . involve the denial of administrative grievances or the failure to act . . . they cannot be liable under § 1983"); *Martin v. Harvey*, 14 F. App'x 307, 309–10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). The Court therefore finds that the complaint fails to state a claim against defendants Schofield, Leibach, or Molokwu.

The plaintiff names the Davidson County Sheriff's Office as a defendant. For purposes of § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978). Technically, the sheriff's office is not subject to suit under § 1983, because it is not a

"person" or legal entity subject to liability under 42 U.S.C. § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6thCir. 2007) (police department improper defendant); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]").

Even if the Court liberally construes the complaint as asserting a claim against Metropolitan Nashville and Davidson County ("Metro"), a municipal entity, such claim is subject to dismissal, for the same reasons that the claim against CCA is subject to dismissal. Neither a municipality nor an entity like CCA[2] can be liable under 42 U.S.C. § 1983 solely on the basis of having employed a tortfeasor, because "*[r]espondeat superior* is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, an employer, whether a private entity or a municipality, can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell*, 436 U.S. at 694; *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory. . . . [A] private contractor is liable for a policy or custom of that private contractor. . . ."). Simply stated, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The plaintiff has not identified a policy or custom of either CCA or Metro that gave rise to his injuries. He therefore fails to state a claim against either entity.

The plaintiff also names the State of Tennessee as a defendant. The Supreme Court has held that neither a state nor its officials acting in their official capacity are "persons" subject to liability for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, regardless of the basis for the claim, the Eleventh Amendment absolutely bars suits in federal court against a state, whether for damages or injunctive relief, unless the state has waived its sovereign immunity or consented to be sued in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 18 (1985). Tennessee has neither consented to suit

---

[2] CCA may be subject to liability under 42 U.S.C. § 1983. *See, e.g.*, *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (CCA acts under color of state law because it performs the traditional state function of operating a prison).

nor waived its sovereign immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). The Court therefore lacks jurisdiction over any claim against the State.

Further, although the Eleventh Amendment does not bar claims under § 1983 against state officials in their official capacity for injunctive relief, *Will*, 491 U.S. at 71 n.10, *Ex parte Young*, 209 U.S. 123, 159–60 (1908), the complaint does not provide factual support for any such claim. The plaintiff has not shown that any unconstitutional policy or custom of the state gave rise to his injuries. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (""[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."); *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1993) (recognizing that official-capacity liability requires the plaintiff to show that the government entity is a wrongdoer because of an "officially executed policy, or the toleration of a custom" that caused the constitutional violation).

Finally, because the plaintiff's complaint fails to state a claim under § 1983 over which this Court has federal-question jurisdiction, the Court lacks jurisdiction over the plaintiff's various state-law claims.

## IV.    Conclusion

For the reasons set forth herein, the Court finds that the complaint fails to state a claim under 42 U.S.C. § 1983 against any of the defendants for which relief may be granted. The complaint will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2). An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge